# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| XIANG CHEN, | ) | |
| | ) | |
| Plaintiff Below/Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. S23M-02-026 RHR |
| | ) | |
| JOSE LUIS RODRIGUEZ-VELAZQUEZ, | ) | |
| HEBER CIFUENTES MUNOZ, and | ) | |
| NATIONAL GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants Below/Respondents. | ) | |

Submitted: March 1, 2023
Decided: March 14, 2023

*Upon Plaintiff Below/Petitioner's "Complaint for a Writ of Mandamus,"*
**DISMISSED.**

## ORDER

AND NOW, this 14th day of March, 2023, upon consideration of Xiang Chen's "Complaint for Writ of Mandamus,"[1] National General Insurance Company's Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6),[2] and the record in this case, it appears to the court that:

---

[1] Pet'r's Complaint for Writ of Mandamus, Feb. 9, 2023 (D.I. 1).
[2] Def. Nat'l Gen. Ins. Co.'s Mot. Dismiss, Mar. 1, 2023 ("Def.'s Mot Dismiss") (D.I. 8).

1

1. On or about May 12, 2022, Xiang Chen ("Petitioner") filed a civil action in Justice of the Peace Court 17 against Jose Luis Rodriguez-Velazquez, Heber Cifuentes Munoz, and National General Insurance Company ("National General").[3] Petitioner's complaint sought payment and interest for property damage resulting from a motor vehicle accident.[4]

2. By written decision dated October 14, 2022, the Justice of the Peace Court: i) granted National General's motion to dismiss for being an improper party; ii) denied a motion to dismiss defendants Emilita Roblero-Bartolon and Jose Luis Rodriguez-Velazquez because the claims against them were sufficiently averred; and iii) determined that service of process had not been perfected on defendant Jose Luis Rodriguez-Velazquez.[5] The claims against the remaining defendants are still pending in the Justice of the Peace Court.[6]

3. Petitioner now seeks a writ of mandamus pursuant to 10 *Del. C.* § 564. Petitioner asks this court to require the Justice of the Peace Court to reinstate National General, determine that defendant Jose Luis-Rodriguez was effectively served, enter summary judgment in Petitioner's favor, and award legal costs and damages.[7]

---

[3] *Id.* ¶¶ 1-3. *See also* Ex. A, Def.'s Mot. Dismiss, Mar. 1, 2023 (D.I. 8).
[4] Def.'s Mot. Dismiss ¶¶ 2-3.
[5] Ex. A, Def.'s Mot. Dismiss.
[6] *Id.*
[7] Pet'r's Writ of Mandamus.

4. When considering a motion to dismiss a petition for writ of mandamus, this court applies the traditional motion to dismiss standard. The court must determine if any set of facts exist which could be proven to support the claims made in the complaint such that the plaintiff would be entitled to relief.[8] In this court's review, it shall take all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.[9] "A writ of mandamus is a command that may be issued by the Superior Court to [a lower] court, public official or agency to compel the performance of a duty to which the petitioner has established a clear right."[10] This court seldom issues writs of mandamus and will only order the command if: i) the petitioner establishes a clear right to the performance of the duty; ii) that no adequate remedy is available; and iii) the lower court has arbitrarily failed or refused to perform its duty.[11] For acts that are clearly discretionary, a mandamus will not be issued.[12]

5. Petitioner had an adequate remedy to challenge the Justice of the Peace Court's decision to grant National General's Motion to Dismiss through his right of *de novo* appeal to the Court of Common Pleas, but he failed to petition for such relief

---

[8] Super. Ct. R. 12(b)(6).

[9] *See Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC.*, 27 A.3d 531, 536-37 (Del. 2011).

[10] *Smith v. Henderson*, 2021 WL 4593385 at *1 (Del. Super. Oct. 5, 2021) (citations omitted).

[11] *Id.*

[12] *Id.*

before the statutory deadlines.[13] Petitioner cannot now challenge the Justice of the Peace Court's ruling using a writ of mandamus.[14]

6.     The civil action against the remaining defendants is still pending in the Justice of the Peace Court. There is no evidence of any arbitrary refusal or failure to act in this case. Therefore, this court need not address Petitioner's request for summary judgment, costs, and damages.

7.     This court finds Petitioner has failed to state a claim upon which relief can be granted under Superior Court Civil Rule 12(b)(6) and fails to show how he is entitled to relief pursuant to 10 *Del. C.* § 564.

8.     Therefore, National General's Motion to Dismiss Petitioner's Writ of Mandamus is **GRANTED.**

    **IT IS SO ORDERED.**

*/s/Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge

cc: File & ServeXpress

---

[13] *See* 10 *Del. C.* § 9571(c).
[14] *See Caldwell v. J.P. Ct. No. 13*, 2015 WL 9594709 at *4 (Del. Super. Dec. 30, 2015).